**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MC THUNDERBALL, LLC, and ABRAHAM BORENSTEIN, | Civil Action No.: 2:15-cv-4752-(CCC) |
| Plaintiffs, | **OPINION** |
| v. | |
| DREAMS VENTURE, LLC, JAMES HANNAH, SR., individually, and CYNTHIA GLUCHOWSKI, individually, | |
| Defendants. | |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

Before the Court is the motion [ECF No. 5] of Defendants Dreams Venture, LLC ("Dreams Venture"), James Hannah, Sr. ("Hannah"), and Cynthia Gluchowski ("Gluchowski") (collectively, the "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), to dismiss the Complaint [ECF No. 1] of Plaintiffs MC Thunderball, LLC ("Thunderball") and Abraham Borenstein ("Borenstein") (collectively, the "Plaintiffs"), or, alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court decides this motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1]  For the reasons set forth below, the Defendants' motion to dismiss is denied and motion to transfer the case to the Western District of Michigan is granted.

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

## II. BACKGROUND

This case arises from a business relationship and contract between Plaintiffs and Defendants over the purchase of 25 kilograms of gold dore from Ghana, valued at about $1 million. See Complaint ("Compl."), ECF No. 1. Plaintiffs are Borenstein, a New Jersey resident, and Thunderball, a limited liability company formed by Borenstein for the sole purpose of this business venture with Defendants. Compl. ¶¶ 12-13. Defendants are Dreams Venture—a Michigan limited liability company with its principal place of business in St. Joseph, Michigan—and its officers, Hannah and Gluchowski. Id. ¶¶ 14-15.

In March 2015, Plaintiffs and Defendants entered into a written engagement agreement (the "Contract") where Plaintiffs agreed to pay Defendants for their services in connection with the purchase of gold from Ghana. Id. ¶ 17. Plaintiffs allege that the Defendants represented that they knew the seller of the gold for at least six years, had significant experience in buying and selling gold from Ghana, knew how to structure such a deal, knew the gold shipper, and had an ongoing relationship with a gold refinery in Michigan. Id. ¶ 22. Plaintiffs allege that, relying on these representations, they entered into the Contract with Defendants and paid $56,196.00 to individuals and companies that "Defendants represented were the correct places to send the funds in order to facilitate the delivery and sale of gold." Id. ¶ 31. Ultimately, Plaintiffs never received any gold from Defendants or the entities with whom Defendants did business. Instead, "Defendants have represented to Plaintiffs that the monies sent by Plaintiffs have been stolen." Id. ¶¶ 12-13.

Plaintiffs filed suit in this Court in June 2015, alleging Violation of the Michigan Consumer Protection Act (Count I), Breach of Contract (Count II), Negligence and/or Gross Negligence (Count III), Fraudulent Misrepresentation (Count IV), and Breach of Fiduciary Duty (Count V).

Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), or, in the alternative, to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406. See Memorandum of Law in Support of Defendants' Motion to Dismiss or Transfer Venue ("Ds' MOL in Supp."), ECF No. 5-1. Plaintiffs opposed. See Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss or Transfer Venue ("Ps' MOL in Opp."), ECF 9. Defendants filed reply briefing. See Reply Brief in Further Support of Defendants' Motion to Dismiss (Ds' Reply), ECF No. 12.

Defendants challenge whether this Court has personal jurisdiction over them based on their contacts with Plaintiffs who are New Jersey residents. Defendants also contend that the forum selection clause in the Contract—which specifies that Michigan and New Jersey are possible forums—is invalid, because Borenstein added the words "or New Jersey" to the clause after Defendants had signed the agreement. Defendants ask, in the alternative, that this case be transferred to the Western District of Michigan, as Michigan law governs the Contract, Michigan law governs Plaintiffs' claims, and Defendants and potential witnesses are located in Michigan.

Plaintiffs argue that personal jurisdiction over Defendants exists due to Defendants' purposeful activity directed at New Jersey. Plaintiffs also argue that the forum selection clause is valid and that Defendants consented to the insertion of "or New Jersey" as expressed by a subsequent e-mail from Gluchowski. Plaintiffs also oppose the transfer of venue from this jurisdiction to the Western District of Michigan on the basis that Plaintiffs' preferred choice of forum should be left undisturbed and New Jersey is no less convenient than Michigan.

### III. LEGAL STANDARD

Defendants move to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for improper venue pursuant to Rule 12(b)(3), and for failure to

state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[2]

For a complaint to survive dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), "a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants," but where, as here, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). To determine whether personal jurisdiction exists over a nonresident defendant, the Court must determine whether jurisdiction lies under both the state long arm statue and the Due Process Clause of the Constitution. Senju Pharm. Co. v. Metrics, Inc., 96 F. Supp. 3d 428, 435 (D.N.J. 2015). Because New Jersey's long-arm statute permits the exercise of personal jurisdiction to the full extent allowed under the Due Process Clause, "the two jurisdictional inquiries in this case collapse into one: whether the exercise of jurisdiction comports with due process." See id.

A complaint may be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). See Fed. R. Civ. P. 12(b)(3). In raising a 12(b)(3) challenge, the defendant bears the burden of showing that venue is improper. Myers v. Am. Dental Ass'n., 695 F.2d 716, 724 (3d Cir.1982). If, however, venue is proper but a forum selection clause points to another venue, a court may dismiss the claim pursuant to a 12(b)(3) motion. See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289 (3d Cir. 2001). Federal law treats these clauses as "presumptively valid" and enforceable. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202

---

[2] Because the Court finds that venue should be transferred to the Western District of Michigan, pursuant to 28 U.S.C. § 1404(a), the Court does not address the alternative argument that Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

(3d Cir. 1983). But, where the forum selection clause was procured by fraud or overreaching, its enforcement violates a strong public policy of the forum, or litigation in the selected forum would be "so gravely difficult" as to effectively deprive a party of its day in court, the Court may not enforce it. Foster v. Chesapeake Ins. Co. Ltd., 933 F.2d 1207, 1219 (3d. Cir. 1991).

## IV. DISCUSSION

The Court finds that although it appears personal jurisdiction exists over Defendants in New Jersey and although the forum selection clause designated New Jersey as one possible forum, this case should be transferred to the Western District of Michigan—the more convenient and appropriate forum for adjudication and resolution of this case.

### A. Personal Jurisdiction

Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is denied, because the Court finds that personal jurisdiction over Defendants exists. "[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007) (citing Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987); Fed. R. Civ. P. 4(k)(1)(A)). New Jersey's long-arm statute permits jurisdiction over nonresident defendants consistent with the due process requirements of the U.S. Constitution. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4; Charles Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460 (1986)).

"Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). There are two general types of personal jurisdiction that reflect the requirements of the Due Process Clause of the Fourteenth Amendment: general jurisdiction and specific jurisdiction. Marten, 499 F.3d at 296. General jurisdiction is proper over nonresident corporations when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014). Specific jurisdiction, on the other hand, describes the authority to exercise jurisdiction over suits that "aris[e] out of or relate[] to the defendant's contacts with the forum." Id. (quoting Helicopteros, 466 U.S. at 414). Specific jurisdiction requires that the defendant have "purposely directed [its] activities at the forum," that plaintiff's claim "arise out of or relate to at least one of those specific activities," and that jurisdiction "otherwise comports with fair play and substantial justice." Marten, 499 F.3d at 296 (internal citations omitted).

Plaintiffs argue that the Court has specific jurisdiction over Defendants because of Defendants' purposeful activity directed toward the forum state. See Ps' MOL in Opp. at 13-15. Namely, Plaintiffs allege that "Defendants had an existing relationship with Plaintiffs, had extensive prior negotiations with Plaintiffs, and intentionally reached out to Borenstein in New Jersey in order to conduct business." Id. at 16. Plaintiffs also allege that their causes of action arise "from the communications themselves" because "Defendants made numerous representations to Plaintiffs as to their expertise in the industry of gold buying from Ghana, inducing Plaintiffs to enter into the Agreement and send substantial sums of money." Id.

In reply, Defendants contend that they have not purposefully availed themselves of the privilege of conducting activities within New Jersey, because their "communications via electronic mail between Michigan and New Jersey were de minimis" and "do not amount to Defendants directing their activities[] to New Jersey." Ds' Reply MOL at 5. Specifically, Defendants argue

that their e-mail communications, telephone calls, and facsimiles in furtherance of the Contract between nonresident Defendants and resident Plaintiffs do not establish the purposeful activity needed for a valid assertion of personal jurisdiction over Defendants. Id. at 6. Defendants assert that "[a]ll work to be done under the contract was to be conducted in either Michigan or Ghana as Borenstein's sole purpose was to act as financier." See Affidavit of James Hannah, Sr., ECF No. 5-4, at 3.

For support, Defendants rely on Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28 (3d Cir. 1993), which noted that a nonresident's mere contracting with a resident is generally insufficient to establish personal jurisdiction over the nonresident defendant in a negligence case. Sunbelt, however, clarified that communications to a resident could be sufficient if they constituted alleged misrepresentations which formed the basis of the resident's suit. See id. at 33. Here, Plaintiffs' causes of action include Fraudulent Misrepresentation (Count IV) and Breach of Fiduciary Duty (Count V). See Compl. Thus, unlike in Sunbelt, electronic and voice communications allegedly made by Defendants form the basis of two causes of action. Moreover, according to Plaintiffs, Defendants knew that Borenstein is a New Jersey resident and was creating a limited liability corporation in New Jersey specifically for the purposes of their Contract. Accordingly, it appears that there exists personal jurisdiction over Defendants here, independent of the forum selection clause in the parties' contract, because Defendants purposefully directed their activities to this forum.

**B.      Forum Selection Clause**

Nonetheless, this case does involve a valid forum selection clause that expresses that both Michigan and New Jersey have jurisdiction. The Contract states that the agreement is governed by Michigan law "for which the courts in Michigan or New Jersey shall have jurisdiction without

giving effect to the choice or [sic] laws or conflict of laws rules thereof or of any style [sic]." See Contract, ECF 5-3, at 36 (emphasis added to denote Borenstein's proposed insertion). As discussed above, forum selection clauses are "presumptively valid" and enforceable. Coastal Steel Corp., 709 F.2d at 202. Defendants contend that Borenstein's insertion of the words "or New Jersey" after Defendants had signed the Contract (but before Borenstein had signed it) constituted a "unilateral modification"; they argue that this modification is invalid because the Contract states that it "may not be modified or amendments provided."[3] See Defendants' MOL in Supp. at 12. But, at the time of Borenstein's proposed insertion, there did not yet exist a final contract between the parties. Rather, the parties were still incorporating their terms into the agreement. See Restatement (Second) of Contracts § 209 (1981). Moreover, after Borenstein inserted his proposed changes, executed the agreement, and e-mailed it to the Defendants, the Defendants wrote back "Thank you [Borenstein]. All is good." See Exhibit B to Ps' MOL in Opp, ECF No. 9-1. Accordingly, the Contract's forum selection clause designates both Michigan and New Jersey as possible forums for the adjudication of this dispute.

**B. Venue**

Having determined that jurisdiction exists over Defendants in New Jersey either under a personal jurisdiction analysis or because the forum selection clause designated New Jersey as a possible forum, the Court, nonetheless, finds that this case should be transferred to the Western

---

[3] The Defendants also appear to rely on Section 7.0-7.1 of Addendum B to the Contract, which states that a modification of the agreement is not binding on the parties unless approved in writing by both parties. See Ds' MOL in Supp. at 11. Defendants' reliance on this provision is misplaced, as the parties were not modifying the agreement but rather still in the process of formulating the agreement. Nevertheless, even if there existed an executed contract and the forum selection insertion thus constituted a modification of that executed contract, it appears that Defendants agreed to this modification based on their subsequent e-mail confirming "All is good." See Exhibit B to Ps' MOL in Opp.

District of Michigan, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) allows the District Court to transfer a civil action to any other district where venue is proper "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing both the need for transfer and that transfer is appropriate. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). "The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis." Santi v. Nat'l Bus. Records Mgmt., LLC, 722 F. Supp. 2d 602, 606 (D.N.J. 2010). In deciding Section 1404(a) motions, the Court is not limited to the factors outlined in the statute and may consider a balancing of private and public factors, including:

> [P]laintiff's forum preference...; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum);...the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80 (internal citations omitted).

Although the presence of a mandatory forum selection clause should, typically, "require[] district courts to adjust their usual Section 1404(a) analysis" by (1) giving plaintiff's choice of forum no weight, (2) deeming the "private-interest factors to weigh entirely in favor of the preselected forum", and (3) considering the public-interest factors only," Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 582 (2013), this is not such a case. Rather, in the presence of two competing, pre-selected forums, it is appropriate to weigh the private-interest factors to decide whether transfer is appropriate. See Samuels v. Medytox Sols., Inc., No.

CIV.A. 13-7212 SDW, 2014 WL 4441943, at *8 (D.N.J. Sept. 8, 2014) (distinguishing <u>Atlantic Marine</u>'s instruction to disregard plaintiff's choice of forum and the private-interest factors, because <u>Atlantic Marine</u> contained one forum selection clause that specified a certain forum); see also <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 32 (1988) ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer this case to a court in Manhattan).

Defendants submit that the Western District of Michigan is the proper forum "as all Defendants reside in that district." See Ds' MOL in Supp. at 18. Defendants also argue that New Jersey "does not have a sufficiently cognizable interest in adjudicating a dispute over an alleged breach of contract[] entered into with Michigan Defendants" and that it would waste New Jersey's judicial resources to "burden those New Jersey citizens required to sit on a jury" and would "require that a district court sitting in New Jersey interpret state contract laws [of Michigan]." <u>Id.</u> at 13. Defendants also point out that Plaintiffs' claims involve the Michigan Consumer Protection Act. <u>Id.</u> Plaintiffs argue that their choice of forum should not be disturbed and that Defendants' arguments as to location of witnesses and documents in Michigan is insufficient, as most of the documents were passed through e-mail and because witnesses can travel. See Ps' MOL in Opp. at 19-20.

This Court finds that Defendants have met their burden of proof to show that transfer of venue to the Western District of Michigan is appropriate here. Although Plaintiffs chose to bring this action in New Jersey, this private-interest factor does not tip the scale against transfer. Indeed, many other private-interest factors overwhelmingly weigh in favor of transfer to the Western District of Michigan. First, the Contract over which Plaintiffs seek to litigate has designated that the laws of Michigan govern the agreement. This provision was agreed upon by all parties and is

not subject to dispute. Thus, even though the Contract designates Michigan <u>or New Jersey</u> as a valid forum, the Contract is clear that Michigan law "shall" apply. Second, with regard to the convenience of the parties, although Borenstein resides in this forum, the limited liability company that he created came into existence solely for the purpose of entering into the Contract. Accordingly, it does not appear that this limited liability company has any employees, officers, or witnesses—other than Borenstein—who would have to travel to a different forum. Meanwhile, Defendants and their company are based in Michigan, and Defendants have expressed that the relevant witnesses are located in Michigan.[4] It is unclear whether any of the witnesses are located in Ghana, but any potential defendants would appear to have greater contacts with Michigan than with New Jersey. Third, and relatedly, none of the acts or omissions took place in New Jersey. Defendants were never in New Jersey, and none of the conduct contemplated by the Contract was to take place in New Jersey. Rather, the actions were to occur in Michigan or Ghana. Accordingly, the private-interest factors weigh in favor of Michigan as the forum.

The public-interest factors also weigh in favor of transfer to the Western District of Michigan. Michigan has a strong public policy and state interest in deterring the alleged fraudulent practices by corporations and entities operating within Michigan. As noted above, the operative actions or omissions occurred in Michigan. Moreover, the trial judge in Michigan will be better positioned to interpret and apply the laws of Michigan, in accordance with the Contract's choice of law provision.

With these practical and public policy considerations in mind, the Court finds that

---

[4] Although Plaintiffs have alleged that they sent $56,196 to individuals and companies that "Defendants represented were the correct places to send the funds in order to facilitate the delivery and sale of gold", Plaintiffs do not appear to have clarified where these individuals were located—i.e. whether they were located in New Jersey, Michigan, Ghana, or otherwise. Compl. ¶ 31.

11

Michigan is not an inconvenient forum—indeed, it is one of the forums designated by the parties' Contract—and that, in the interests of justice, this case should be transferred to the Western District of Michigan.

## V. CONCLUSION

Based on the foregoing, Defendants' motion is denied, insofar as it seeks to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), and Defendants' motion is granted, insofar as it seeks transfer of venue to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). An appropriate Order accompanies this Opinion.

Dated: _June 30, 2016_, 2016

_____
CLAIRE C. CECCHI, U.S.D.J.